## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MAHER ENGINEERING COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )        No. 14 CV 3761 |
| | ) |
| SCREWMATICS OF SOUTH CAROLINA, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Before the court is defendant's motion to deposit funds with the court pursuant to Federal Rule of Civil Procedure 67. The motion is denied for the following reasons.

### DISCUSSION

Plaintiff, Maher Engineering Company ("Maher"), originally filed this action for breach of contract (Count I), violation of the Illinois Sales Representative Act (Count II), and unjust enrichment (Count III, pleaded in the alternative) in the Circuit Court of Cook County. Defendant, Screwmatics of South Carolina, Inc. ("Screwmatics"), removed the case to federal court based on diversity of citizenship.

Maher alleges that it was a sales representative for Screwmatics in Illinois, Wisconsin, and Iowa and that Screwmatics agreed to pay Maher commissions at a rate of 5 percent for the

sales that Maher procured.  Maher contends that Screwmatics has failed to pay commissions to Maher as required by the parties' written agreement.

Screwmatics moves to deposit certain funds with the court.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 67, titled "Deposit Into Court," provides that "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money . . . , a party--on notice to every other party and by leave of court--may deposit with the court all or part of the money . . . , whether or not that party claims any of it."  Fed. R. Civ. P. 67(a).  The court has discretion when deciding whether to grant such leave. Cajun Elec. Power Coop., Inc. v. Riley Stoker Corp., 901 F.2d 441, 445 (5th Cir. 1990); Garrick v. Weaver, 888 F.2d 687, 694 (10th Cir. 1989); Design Benefit Plans, Inc. v. Enright, 940 F. Supp. 200, 207 (N.D. Ill. 1996).

"The purpose of the deposit is to relieve the depositor of responsibility for a fund in dispute.  It is useful in cases of interpleader and of tender of an undisputed sum.  Under some circumstances it may suffice to stop the running of interest.  But leave to make the deposit will be refused if no purpose would be served by it."  12 Charles Alan Wright et al., Federal Practice and Procedure § 2991, at 59-62 (2d ed. 1997).  Moreover, "[i]t is well-settled that Rule 67, like all of the Federal Rules of Civil

Procedure, 'shall not abridge, enlarge or modify any substantive right.'" LTV Corp. v. Gulf States Steel, Inc. of Ala., 969 F.2d 1050, 1063 (D.C. Cir. 1992) (quoting 28 U.S.C. § 2072(b)). Therefore, a court cannot use Rule 67 "as a means of altering the contractual relationships and legal duties of the parties" but rather as a procedural device to provide a place of safekeeping for disputed funds. Id.; Bickford v. Marriner, No. 2:12-CV-00017-JAW, 2012 WL 3260323, at *4 (D. Me. Aug. 8, 2012); Progressive Cas. Ins. Co. v. Drive Trademark Holdings LP, 680 F. Supp. 2d 639, 641 (D. Del. 2010).

**ANALYSIS**

Defendant seeks leave to deposit $144,772.00[1] with the court and explains that this figure "is calculated at a 3.5% commission rate" (versus the 5 percent rate that plaintiff contends is applicable) and that defendant disputes that it owes plaintiff any commissions. (Mot. ¶¶ 4-5.) The motion fails to explain why defendant seeks leave to deposit these funds or what purpose the deposit would serve.

At the August 28, 2014 hearing on the instant motion, defendant's counsel explained that the motion is designed to limit defendant's exposure to punitive damages, which are recoverable under the Illinois Sales Representative Act, 820 ILCS 120/0.01 et

---

[1] In the introduction to its motion, defendant requests leave to deposit $146,764.87, but in paragraphs 5 and 6 of the motion and in its reply, defendant requests leave to deposit $144,772.00. The court assumes that the latter figure is correct.

seq. (the "Act"). The Act provides that a principal who fails to pay timely commissions to a sales representative "shall be liable" for exemplary damages of up to three times the amount of overdue commissions. 820 ILCS 120/3. Despite this ostensibly mandatory language, however, courts have construed the statute as permitting exemplary damages "only when the sales representative proves that the principal willfully and wantonly refused to pay." Gramercy Mills, Inc. v. Wolens, 63 F.3d 569, 573 (7th Cir. 1995). "Illinois courts caution against awarding exemplary damages under the Sales Act except to 'punish and deter intentional or egregious conduct.'" Id. (quoting Zavell & Assocs., Inc. v. CCA Indus., Inc., 628 N.E.2d 1050, 1052 (Ill. App. Ct. 1993)).

In its reply, defendant contends that "[m]ultiple cases, as well as Wright & Miller, explain that depositing funds in court to stop the accrual of interest and penalties is a legitimate use of Rule 67." (Reply at 2.) That is not an entirely accurate statement of the law. It is true that a few courts have allowed Rule 67 deposits to stop the running of interest under certain circumstances. See, e.g., Cajun Electric, 901 F.2d at 445 (holding that the district court did not abuse its discretion in allowing the defendant, which had lost an arbitration case, to deposit the amount of the arbitration award into the court registry pending plaintiff's potential motion to challenge the award); Lich v. Cornhusker Cas. Co., 774 F. Supp. 1216, 1223 n.5 (D. Neb. 1991)

(holding that the defendant's deposit stopped the running of prejudgment interest where the defendant had conceded liability on a bond and deposited the face value of the bond into the court's registry). But defendant has failed to cite, and the court has not found, any authority that supports the use of Rule 67 to avoid or limit a party's exposure to punitive damages.

Defendant's request is problematic because the parties do not agree on any sum certain that is in dispute. The amount defendant seeks to deposit is based on its view that 3.5 percent is the correct commission rate, not 5 percent, as plaintiff contends. Thus, it appears that the defendant's proposed deposit would not be sufficient to satisfy plaintiff's entire demand for compensatory damages.

More importantly, the court is mindful that it should not use Rule 67 to alter the parties' legal rights and duties. Illinois has determined that it is appropriate to "punish and deter intentional or egregious conduct" by a principal in failing to pay commissions to its sales representatives. See Zavell, 628 N.E.2d at 1052. Were a factfinder to determine that defendant engaged in intentional or egregious conduct in this case, allowing defendant's proposed deposit would alter the system Illinois has created to punish and deter undesirable conduct toward sales representatives. Cf. Bickford, 2012 WL 3260323, at *4-5 (denying defendant's motion for leave to deposit funds with the court pursuant to Rule 67 where

punitive damages were a possibility and the deposit would alter the system created under admiralty law that was designed to encourage vessel owners to make prompt decisions about payments to seamen and make those payments when obligated to do so).  Accordingly, the court, in its discretion, denies defendant leave to deposit funds with the court.

## CONCLUSION

For the reasons explained above, the court denies defendant's motion to deposit funds with the court [11].


DATE:     October 6, 2014


ENTER:    _____

          Amy J. St. Eve, United States District Judge